IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CAPITOL RECORDS, INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and ATLANTIC RECORDING CORPORATION, a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>SHANNON RHOADES, a/k/a SHANNON BARRETT,<br><br>Defendant. | CASE NO. 8:07CV106<br><br><br><br><br>JUDGMENT BY DEFAULT<br>AND<br>PERMANENT INJUNCTION |

This matter is before the Court on the Plaintiffs' Motion For Default Judgment (Filing No. 13).[1] The Court has reviewed the Motion and the Declaration of David V. Clark. The Court finds that Defendant Shannon Rhoades was served with a copy of the Summons and Complaint on or about May 8, 2007. (Filing No. 6). Upon the Plaintiffs' motion, the Clerk filed her Entry of Default. (Filing No. 10).

Upon review of the entire record, the Court finds that the Plaintiffs have complied with Fed. R. Civ. P. 55 and NECivR 55.1(c). "A default judgment entered by the court binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint." *Angelo Iafrate Const., LLC v. Potashnick Const., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004). Plaintiffs now seek default judgment, minimum statutory damages, permanent injunctive relief, and costs from Rhoades. Based on the facts as alleged in the Complaint and in the Clark Declaration, I conclude that default judgment should be granted in favor of the Plaintiffs.

---

[1] The Clerk will be directed to terminate a duplicate motion filed without the supporting documents and evidence at Filing No. 12.

Accordingly,

IT IS ORDERED:

1. The Clerk is directed to terminate the Plaintiffs' Motion for Default Judgment (Filing No. 12) as a duplicate and incomplete filing;

2. The Plaintiffs' Motion for Default Judgment (Filing No. 13) is granted;

3. Judgment by default is entered in favor of the Plaintiffs and against the Defendant Shannon Rhoades as follows:

a. Shannon Rhoades shall pay damages to Plaintiffs for infringement of Plaintiffs' copyrights in the sound recordings listed in Exhibit A to the Complaint, in the total principal sum of Five Thousand Two Hundred Fifty Dollars ($5,250.00);

b. Shannon Rhoades shall pay Plaintiffs' costs of suit in the amount of Four Hundred Twenty Dollars ($420.00);

c. Shannon Rhoades is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:

- "Father of Mine," on album "So Much for the Afterglow," by artist "Everclear" (SR# 181-328);
- "Ackrite," on album "2001," by artist "Dr. Dre" (SR# 277-983);
- "Dumpweed," on album "Enemy of the State," by artist "Blink-182" (SR# 279-826);
- "Da Goodness," on album "Docs Da Name 2000," by artist "Redman" (SR# 263-689);
- "Always Be My Baby," on album "Daydream," by artist "Mariah Carey" (SR# 215-243);
- "Gone Till November," on album "Wyclef Jean Presents The Carnival Featuring Refugee Allstars," by artist "Wyclef Jean" (SR# 251-493);

- "I'm A Thug," on album "Thugs Are Us," by artist "Trick Daddy" (SR# 303-748);

and in any other sound recording, whether now in existence or later created, that is owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs; and

d.  Shannon Rhoades also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

Dated this 16th day of July, 2007.

>BY THE COURT:
>
>s/Laurie Smith Camp
>United States District Court